82 F.3d 432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Evert L. HAGAN, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7064.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Evert L. Hagan, Jr.'s appeal for lack of jurisdiction. Hagan has not responded.
 
 
 2
 Hagan served on active duty from 1953 to 1955. Hagan also served periods of active and inactive duty as a member of the National Guard from 1955 to 1979. Hagan applied for benefits for a back injury, residuals of left rib fractures, bilateral hearing loss, and an eye disability. The regional office denied service connection. Hagan appealed to the Board of Veterans Appeals. The Board of Veterans Appeals denied service connection. Hagan appealed to the Court of Veterans Appeals. The Court of Veterans Appeals affirmed the denial of service connection for a back disability. Concerning the other claims, the Court of Veterans Appeals vacated the Board decision because the claims were not well grounded and remanded the claims with instructions to vacate the regional office's decisions. Hagan appealed to this court, seeking review of the Court of Veterans Appeals' affirmance of the denial of service connection for a back disability.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his brief,* Hagan argues that the Court of Veterans Appeals incorrectly weighed the evidence and failed to apply the benefit of the doubt provision to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 Hagan has not filed the fourth corrected brief that was due January 10, 1996. We have reviewed Hagan's arguments as presented in his third corrected brief